**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 12 2012, 8:53 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CRAIG PERSINGER**
Marion, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBERT L. JACKSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 27A02-1112-CR-1122 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE GRANT CIRCUIT COURT
The Honorable Mark E. Spitzer, Judge
Cause No. 27C01-0901-FB-28

**July 12, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-defendant Robert L. Jackson appeals his conviction for possession of cocaine within 1,000 feet of a family housing complex,[1] a class B felony.[2]  Specifically, Jackson asks us to reconsider our decision in Covey v. State, 929 N.E.2d 813, 818 (Ind. Ct. App. 2010), wherein we refused to apply the fundamental error doctrine when Covey did not ask for a jury instruction regarding the statutory defense found at Indiana Code section 35-48-4-16 and his counsel did not argue the defense during closing argument. We decline Jackson's request and affirm the judgment of the trial court.

## FACTS

In July 2008, Marion police officers had a warrant for Jackson's arrest.  On July 31, the drug task force received information that Jackson was at his girlfriend's apartment.  At approximately 9:00 p.m. that evening, Detective Mark Stefanatos conducted surveillance of the apartment.  He and Detective Ross Allen then approached the rear door and saw Jackson sitting on the floor inside the apartment.  Detective Stefanatos knocked on the door, held up his badge, and told Jackson that the officers had a warrant for his arrest.  Jackson looked at the officers, took off running, and jumped out a second-story window.  The officers entered the apartment and found a digital scale and cocaine two to three feet from where Jackson had been sitting.  Jackson was subsequently convicted of possession of cocaine within 1,000 feet of a family housing complex as a class B felony.  He now appeals this conviction.

---

[1] Ind. Code § 35-48-1-6(c).

[2] Jackson was also convicted of resisting law enforcement as a class A misdemeanor but does not appeal that conviction.

Indiana Code section 35-48-4-6(a) provides that a person who possesses cocaine commits a class D felony. However, Indiana Code section 35-48-1-6(c) provides that the offense is a class B felony if the person possesses the cocaine within 1,000 feet of a family housing complex. Indiana Code section 35-48-4-16 provides that it is a defense to possession of cocaine that the person was "briefly" in or within 1,000 feet of the family housing complex and no person under eighteen years of age at least three years junior to the defendant was within 1,000 feet of the family housing complex. This defense is not an affirmative defense, but rather mitigating factors that reduce culpability. Covey, 929 N.E.2d at 818. Therefore, the defendant does not have the burden of proof but only the burden of placing the issue in question where the State's evidence has not done so. Id. Once at issue, the State must rebut the defense by proving beyond a reasonable doubt either that the defendant was within 1,000 feet of the family housing project more than "briefly," or persons under the age of eighteen at least three years junior to the defendant were within 1,000 feet of the family housing project because both factors are required to effectuate the mitigation. Id.

In the Covey case, Covey failed to place these mitigating factors at issue. Specifically, he failed to tender a jury instruction on the statutory mitigating factors and failed to object to the absence of such an instruction. He also failed to argue the defense

3

in closing argument. We therefore concluded that the State was not required to rebut the factors with proof beyond a reasonable doubt because the issue was waived. Id. at 819.

In an effort to avoid waiver, Covey argued that the trial court's failure to instruct the jury on the statutory mitigating factors constituted fundamental error because it resulted in the deprivation of his right to argue to the jury and to have the jury find that he was guilty of lesser felonies. We noted that the fundamental error doctrine is extremely narrow and applies only when the error constitutes a blatant violation of basic principles, the harm or the potential for harm is substantial, and the resulting error denies the defendant fundamental due process. Id. We declined to apply this doctrine where Covey was essentially asking us to shift the burden to place the mitigating factors at issue upon the trial court by requiring the trial court to instruct on those mitigating factors where the defendant had neither argued they applied nor requested such an instruction. Id.

Here, Jackson concedes that he did not raise the statutory defense. Specifically, he did not ask for a jury instruction regarding the defense, and his counsel did not argue the defense in closing argument. He therefore acknowledges that he has waived the issue. He asks us to reconsider our holding in Covey "so as not to totally shut the door on a fundamental error analysis in this case." Appellant's Br. p. 9. We decline his request and again refuse to require the trial court to instruct the jury on a defense when the defendant has made no such request.

The judgment of the trial court is affirmed.

KIRSCH, J., and BROWN, J., concur.

4